The STATE of Ohio, Appellee,

v.

DVORAK, Appellant.

[Cite as *State v. Dvorak* (1989), 65 Ohio App.3d 44.]

Court of Appeals of Ohio,
Medina County.

No. 1802.

Decided Oct. 11, 1989.

*John L. Lohn,* Prosecuting Attorney, for appellee.

*L. Ray Jones,* for appellant.

*Per Curiam.*

Defendant-appellant, Don Dvorak, was charged with driving under the influence of alcohol, R.C. 4511.19(A)(1); operating a motor vehicle with a prohibited breath-alcohol content, R.C. 4511.19(A)(3); and speeding, R.C. 4511.-21(D). Prior to trial, Dvorak filed a motion *in limine* seeking to limit the use of any breath test results, claiming radio frequency interference and that other test requirements were not met during administration of the breath test. The trial court denied the motion *in limine* because it was not timely filed.

At trial, the state presented testimony of Patrolman Jackson, the arresting officer who conducted the intoxilyzer test. Patrolman Jackson testified to the procedures he followed in administering the intoxilyzer test to Dvorak. On Patrolman Jackson's direct examination, Dvorak objected to the admission of the intoxilyzer test results based on the state's failure to lay a proper foundation. The trial court overruled the objection and admitted Dvorak's test results. While cross-examining Patrolman Jackson, Dvorak raised the issue of calibration requirements in order to question the foundational require-ment that the intoxilyzer was working properly. The state objected on the basis that the calibration issues should have been resolved by way of a pretrial motion. The trial court agreed that the calibration issue should have been raised in a pretrial motion.

The jury found Dvorak not guilty of driving under the influence of alcohol. The jury found Dvorak guilty of speeding and operating a motor vehicle with a prohibited breath-alcohol content. Dvorak appeals, contending that the intoxilyzer test results were improperly admitted at trial because the state failed to lay a proper foundation.

### Assignment of Error

"Before the results of an intoxilyzer test given an accused are admissable [*sic* ] in evidence against [*sic* ], it is incumbent upon the state to show that the

instrument was in proper working order and the instant case such was not the fact."

Dvorak argues that the trial court erred in admitting the intoxilyzer test results because the state failed to present evidence substantiating that the instrument was in proper working order pursuant to Ohio Department of Health ("ODH") regulations. Specifically, Dvorak contends that the state had to affirmatively show that the instrument met the calibration requirements before being admitted into evidence.

This court recently stated that a challenge to the results of a breath-alcohol test on the basis of failure to comply with ODH regulations should be brought as a motion to suppress. *State v. Earle* (Aug. 2, 1989), Summit App. No. 13957, unreported, 1989 WL 86321. In so stating, this court relied upon a statutory exclusionary rule which mandates that the trial court exclude test results when the state has not complied with ODH regulations. *Id.,* citing *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130.

After *Earle,* this court must determine if a pretrial motion to suppress is the only challenge a person may assert against the state for alleged non-compliance with ODH regulations when that person is charged under R.C. 4511.19(A)(2), (3) or (4). To hold otherwise would permit the defendant to raise the issue of suppression of evidence during the course of trial.

If a defendant fails to have the evidence suppressed pretrial, that defendant waives any requirement upon the state to establish additional foundation for the evidence at trial. The evidence is admissible at trial without the state further establishing compliance with the ODH regulations. Also, the defendant may not contest the evidence through cross-examination, because to allow such contest would permit the defendant to challenge the evidence at trial rather than pretrial as mandated. We believe that these conclusions are inescapable in view of the holding in *Earle, supra,* and the clear provisions of Traf.R. 11(B) and 11(F).

In the case *sub judice,* the trial court properly overruled defendant's objection to admissibility of the intoxilyzer test result based upon the state's failure to lay a proper foundation. The trial court properly sustained the state's objection to defendant's cross-examination concerning the ODH requirements.

The trial court judgment is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.

CACIOPPO, P.J., dissents.

CACIOPPO, Presiding Judge, dissenting.

I respectfully disagree with the majority in this case. The Ohio Supreme Court thoroughly discussed admissibility of chemical tests as evidence against a person charged under R.C. 4511.19, in *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130. The Supreme Court stated that the General Assembly amended R.C. 4511.19 and made it illegal not only to operate a motor vehicle under the influence of alcohol, but also proscribed an alcohol content in one's blood, breath, or urine which establishes a *per se* offense. *Id.* at 103, 532 N.E.2d at 133. The *per se* offenses do not require proof of conduct but permit the state to establish guilt on the results of chemical tests. "The critical issue *at trial* is the accuracy of the test, not the behavior of the accused." (Emphasis added.) *Id.* " * * * [T]he results of the chemical test of the bodily substance are clearly an element of the proof of the offense. The results of such tests and their accuracy are crucial to a determination of guilt or innocence under R.C. 4511.19(A)(2), (3) and (4)." *Id.* "In determining whether one of these *per se* offenses was committed by the defendant, the trier of fact is not required to find that the defendant operated a vehicle while under the influence of alcohol or drugs, but only that the defendant operated a vehicle within the state and that the defendant's chemical test reading was at the proscribed level." *Id.*

If a defendant is not permitted to challenge the relevance, authenticity, and credibility of a chemical test that the state proffers as evidence, the trier of fact is, in effect, replaced by a machine which establishes guilt or innocence.

Apparently, the majority is not willing to recognize the subtle distinction between the exclusionary rule which one relies upon when evidence is improperly seized, and the Evidence Rules which only apply at trial. It is possible that seized evidence is outside the scope of the exclusionary rule yet not admissible at trial or lacking credibility. A person may waive the remedy of evidence exclusion by not pursuing a motion to suppress. However, that waiver does not preclude an evidentiary objection at trial. Only a failure to timely object operates as a waiver of the Evidence Rules.

The results of a breath analysis test may be admitted in evidence upon the prosecution affirmatively establishing:

a. that the specimen subject to the test was withdrawn within two hours of the time of the alleged violation.

b. that the specimen was analyzed in accordance with the methods approved by the Director of Health.

c. that the analysis was made by an individual possessing a valid permit issued by the Director of Health pursuant R.C. 3701.143. *Cincinnati v. Sand*

(1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, paragraph two of the syllabus.

Clearly, evidence on the calibration of an intoxilyzer is required as a foundation for the issue of whether the intoxilyzer was in proper working order. Evidence which lacks a foundation is not relevant. In the case before us, the prosecution's burden in proving that the instrument met the calibration requirements was minimal. The prosecution could have admitted certified copies of the police logs. Even though the prosecution presented no evidence on calibration, the trial court ruled that the test results were admissible because Dvorak failed to timely challenge the test results prior to trial.

The trial court erred in automatically admitting the test results where the prosecution failed to lay a foundation that the intoxilyzer was in proper working order pursuant to ODH regulations. Dvorak's failure to move to suppress the test results did not waive the prosecution's burden of laying a foundation for the admission of the test results at trial.

In *State v. Earle* (Aug. 2, 1989) Summit App. No. 13957, unreported, 1989 WL 86321, we addressed whether a pretrial motion alleging that the state failed to comply with ODH regulations in taking a breath-alcohol test should be brought as a motion to suppress or a motion *in limine*. We held that the proper vehicle was a motion to suppress. We made no disposition as to whether the same evidence taken at a suppression hearing may be used at trial to contest the accuracy of the results of the blood-alcohol tests. Nor did we make a disposition as to whether the same evidence taken at a suppression hearing must be introduced at trial as a foundational requirement to the admissibility of the blood-alcohol test pursuant to Evid.R. 104.

In *Earle,* we stated that a statutory exclusionary rule exists which requires a challenge to the result of a breath-alcohol test, when the state has not complied with the ODH regulations in prosecutions under R.C. 4511.19(A)(2), (3) and (4). In the case *sub judice,* Dvorak does not challenge the intoxilyzer test results as an improper seizure, but merely objects to the admission of those results into evidence at trial without the state laying a proper foundation as the Evidence Rules require.

In the case before us, a jury found there was insufficient evidence to convict Dvorak of driving under the influence of alcohol. The only evidence on which the jury convicted Dvorak was admitted at trial without a proper foundation and was, therefore, not relevant. Dvorak was also denied an opportunity on cross-examination to challenge the authenticity and credibility of the test results.

In effect, Dvorak was denied a jury trial in that the critical issue at trial, the accuracy of the test, was determined by the trial judge in admitting the test

result unchallenged. For this reason, I would reverse the trial court's decision.