The STATE of Ohio, Appellee,

v.

MacCRACKEN, Appellant.

[Cite as *State v. MacCracken* (1990), 69 Ohio App.3d 375.]

Court of Appeals of Ohio,
Summit County.

No. 14442.

Decided Sept. 12, 1990.

*Kathryn Pascover,* City Attorney, for appellee.

*Christopher T. Cherpas,* for appellant.

CACIOPPO, Judge.

Defendant-appellant William MacCracken was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), operating a motor vehicle with a prohibited breath-alcohol content in violation of R.C. 4511.-19(A)(3), and failure to drive within the lanes in violation of R.C. 4511.33(A). MacCracken filed a motion to suppress the use of the results of his breath test or his field sobriety tests. MacCracken also argued that there was no probable cause for his arrest and that he was not given *Miranda* warnings.

A hearing was held on the motion to suppress. The trial court denied the motion on the grounds that the arresting officer had probable cause to stop MacCracken, that *Miranda* warnings were given and that the BAC Verifier was calibrated in compliance with Ohio Department of Health Regulations. At the suppression hearing, evidence was presented that the BAC had been tested within seven days of MacCracken's test and that the result of the calibration check was at target value plus or minus .005 grams per two hundred ten liters using the calibration solution in Bottle 685. Using the ethyl alcohol calibration solution in Bottle 685, the calibration tests were properly performed and recorded on October 2, 1989, October 9, 1989, and October 16, 1989. On October 10, 1989, two days before MacCracken's arrest, a representative from the Department of Health subjected one of the officers to the proficiency test using the same BAC machine as used by MacCracken. The proficiency tests are used to evaluate the accuracy of the analysis performed by persons who have been issued a permit to perform the BAC. Ohio Adm.Code 3701–53–08. There was testimony that a different calibration solution was used to perform the proficiency test. The result of the calibration check performed as part of the officer's proficiency test showed a target value greater than .005 grams per two hundred ten liters.

The trial court granted the state's motion *in limine* to exclude any evidence of the proficiency test and field sobriety tests. MacCracken entered a plea of no contest to driving with a prohibited breath-alcohol content in violation of

R.C. 4511.19(A)(3). The trial court dismissed the other charges and found MacCracken guilty on the BAC charge.

MacCracken argues one error in this appeal.

### Assignment of Error

"The court erred in failing to suppress the results of the breath test when the evidence propounded clearly indicated that proficiency tests conducted did not conform to Ohio Administrative Code Section 3701–53–04(A)(3), or in the alternative, erred in failing to allow the evidence to be presented to a jury to weigh the evidence."

■ MacCracken contends that the trial court erred in failing to suppress the BAC results because the results of the proficiency test performed after the calibration test deviated from the target value by more than the permissible .005 grams per two hundred ten liters. MacCracken also argues that the trial court's reliance on this court's ruling in *State v. Dvorak* (1989), 65 Ohio App.3d 44, 582 N.E.2d 1027, precluded him from introducing evidence of the proficiency tests. He contends that the jury should have been the trier of fact and weighed the credibility of the BAC results when viewed in light of the proficiency tests.

For MacCracken's first argument to have any merit whatsoever there must have been evidence that the same calibration solution was used in both the proficiency and calibration tests. This is not the case. There was testimony that the Department of Health provides its own calibration solution.

The argument fails for a second reason. Ohio Adm.Code 3701–53–08 provides as follows:

"Persons who are issued a permit under rule 3701–53–09 shall be subject to periodic on-site surveys by representatives of the director of health, and shall accept samples, perform tests and report the results of such tests to the director or his authorized representative. These tests shall be used to evaluate the accuracy of the analyses performed by the permit holder."

The purpose of this regulation is to assess the accuracy of the person giving the test. It is not to assess the accuracy of the breath-testing instrument.

In MacCracken's second challenge to his conviction, MacCracken contends that he was denied his constitutional right to a trial by jury because the trial court precluded the jury from hearing evidence on the proficiency tests. He argues that our decision in *Dvorak, supra,* precluded any cross-examination or evidence on the accuracy of the BAC because the state met all foundational requirements for introducing the BAC results in the suppression hearing.

In *Dvorak, supra,* we stated in relevant part:

"If a defendant fails to have the evidence suppressed pretrial, that defendant waives any requirement upon the state to establish additional foundation for the evidence at trial. The evidence is admissible at trial without the state further establishing compliance with the ODH regulations. Also, the defendant may not contest the evidence through cross-examination, because to allow such contest would permit the defendant to challenge the evidence at trial rather than pretrial as mandated. We believe that these conclusions are inescapable in view of the holding in [*State v.*] *Earle* [ (Aug. 2, 1989) Summit App. No. 13957 unreported, 1989 WL 86321], *supra,* and the clear provisions of Traf.R. 11(B) and 11(F)." *Id.* at 46, 582 N.E.2d at 1028.

■ *Dvorak* says nothing about introducing evidence regarding the proficiency test. Unless the same calibration solution was used in the proficiency test so as to introduce a question of fact on the accuracy of the instrument itself, the results of the proficiency tests are of minimal, if any, relevance. However, the trial court's granting of a motion *in limine* excluding the results of the proficiency tests was merely a temporary prohibition. *State v. Grubb* (1986), 28 Ohio St.3d 199, 202, 28 OBR 285, 288–289, 503 N.E.2d 142, 145–146. If the case had gone to trial, then it would have been incumbent upon MacCracken to introduce the evidence by proffer or otherwise. *Id.* At that time, the trial court could have made its final determination and proper objections made. Here, when MacCracken voluntarily entered his no contest plea and was found guilty, he waived any possibility of error.

Based on the foregoing reasons, we overrule MacCracken's assignment of error. The decision of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CIRIGLIANO, J., concur.