The STATE of Ohio, Appellee,

v.

PHILLIPS, Appellant.

[Cite as *State v. Phillips* (1993), 97 Ohio App.3d 1.]

Court of Appeals of Ohio,
Columbiana County.

No. 92–C–26.

Decided Dec. 30, 1993.

*Robert L. Herron,* Columbiana County Prosecuting Attorney, and *John D. Shivers, Jr.,* Assistant Prosecuting Attorney, for appellee.

*David Barry Dickson,* for appellant.

GENE DONOFRIO, Judge.

Appellant, Michael P. Phillips, was charged with driving under the influence of alcohol and with a prohibited concentration of alcohol in his breath, a violation of R.C. 4511.19(A)(1) and (A)(3), in the Columbiana County Court, Northwest Area. Following a jury trial, the jury returned verdicts of guilty on both charges. The court entered a conviction with respect to the charge under R.C. 4511.19(A)(1), driving under the influence of alcohol. The court sentenced appellant to thirty days in the county jail; he was ordered to pay a fine of $500 and costs, and his license was suspended for six months. The court suspended twenty-four days of the jail sentence based on various conditions. Appellant was permitted to serve three days of the jail sentence by attending the Steering Clear Educational Alternative Program. Execution of sentence was stayed pending this appeal.

Appellant failed to file a motion to suppress but immediately prior to trial filed a motion *in limine* regarding evidence of the breath test taken of him. Said motion was overruled by the trial court. During the trial of the matter, appellant objected to evidence of the results of the breath test. The trial court permitted the results to be admitted into evidence and indicated that appellant waived his right to object to evidence of the test by failing to file a motion to suppress.

Appellant cites three assignments of error. Assignments of Error One and Three involve the admission of the results of appellant's breath test without proof that the state complied with statutory and health department requirements. Appellant's second assignment of error deals with the question of whether the verdict of the jury was against the manifest weight of the evidence, since no evidence was introduced as to the meaning of the test result. For the reasons stated below, we reverse the decision of the trial court.

We will first consider appellant's first and third assignments of error. Evidence of the breath test was introduced by the state trooper, who testified that he gave the test and that appellant failed it with a reading of .116. The trooper also testified that this was over the prohibited limit in the state of Ohio and that over .100 is over the legal limit. Appellant's counsel objected at trial to the admission of this testimony and the result of the test.

The trial court held that since appellant failed to file a motion to suppress, any objection to the admissibility of the test result was waived. This is the standard set by the Ninth District in *State v. Dvorak* (1989), 65 Ohio App.3d 44, 582 N.E.2d 1027, where the Court of Appeals for Medina County held that if a defendant in a DUI case fails to have evidence suppressed pretrial, he waives any requirement by the state to establish any additional foundation for evidence at trial.

There was, however, a strong dissent in the *Dvorak* case. The dissent distinguishes the exclusionary rule for improperly seized evidence from the rules of evidence that require a proper foundation. We agree with the dissent in *Dvorak* and believe the distinction should be made between improperly seized evidence and unreliable evidence. It is improper to admit a bodily substance test into evidence without a proper foundation, especially when the result of the test can indicate a *per se* violation of the law. The rules of evidence mandate that proper foundations be established when introducing any evidence.

The Ohio Supreme Court established certain foundational requirements that shall be established prior to the result of a bodily substance test being admitted into evidence. In *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, paragraph two of the syllabus reads as follows:

"The results of a Breathalyzer test, administered pursuant to R.C. 4511.19, may only be admitted in evidence upon the affirmative establishment of facts supporting the following conditions:

"a. The bodily substance must be withdrawn within two hours of the time of such alleged violation.

"b. Such bodily substance shall be analyzed in accordance with methods approved by the Director of Health.

"c. The analyses shall be conducted by qualified individuals holding permits issued by the Director of Health pursuant to R.C. 3701.143."

From a review of the relevant case law, we find that these foundational requirements still exist today.

The pertinent portions of R.C. 4511.19 statutorily mandate these foundational requirements as follows:

"(D) * * * the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.

" * * * *

"Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code."

Based on the foregoing, we find the foundational requirements set forth in *Cincinnati v. Sand, supra,* must be affirmatively established before the admission of a bodily substance test result into evidence. This does not mean, though,

that each and every individual requirement of the Director of Health has to be affirmatively established as a foundational requirement.

Therefore, appellant's Assignments of Error One and Three have merit.

In appellant's second assignment of error, he contends the results of the breath test should be inadmissible for the additional reason that the prosecution must elicit testimony explaining what the breath test results mean.

The statutory provision of R.C. 4511.19(A)(3) prohibits a person who has a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath from operating any vehicle. The trooper in this case testified that the test result was .116 and this reading was over the legal limit, .100. There was no translation of what this result equals or means in regards to percentage of alcohol concentration by weight.

In *Toledo v. Raider* (1983), 14 Ohio App.3d 198, 14 OBR 225, 470 N.E.2d 418, the Sixth District Court of Appeals held that the prosecution must present testimony, in addition to other foundational proof, indicating or explaining what the result of a test for intoxication means. *Raider* at 200, 14 OBR at 227, 470 N.E.2d at 420, went on to say that:

"The Ohio Supreme Court has indicated that at least *some* evidence is necessary to explain what a given reading or result of a test for intoxication indicates. See *Mentor v. Giordano* (1967), 9 Ohio St.2d 140, 146 [38 O.O.2d 366, 369, 224 N.E.2d 343, 347]. * * * " (Emphasis *sic*.)

We agree with the *Raider* decision and find that it was necessary, in the present case, for some testimony to be presented explaining what the .116 result meant. Without such testimony, evidence of the test result is rendered meaningless and inadmissible. The test results should be referred to as a percentage of alcohol concentration by weight.

Appellant's second assignment of error is with merit.

The breath test should have been ruled inadmissible for the reason that proper foundational requirements were not established and no evidence was presented as to the test's meaning. The prejudicial effect of the introduction of the test results dictates that appellant's conviction be reversed.

For the foregoing reasons, the judgment is reversed and defendant-appellant is discharged.

*Judgment reversed.*

Cox, P.J., and O'Neill, J., concur.