OPINION
Defendant-appellant Philip L. Mayer appeals his conviction and sentence on operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(3), entered by the Ashland Municipal Court, following a jury's verdict of guilty. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
On October 13, 1999, at 1:57 a.m., appellant was arrested for operating a motor vehicle while under the influence of alcohol. Appellant was given a breath test as a result of his arrest and tested .191 grams of alcohol per 210 liters of breath. Appellant was charged with violating R.C.4511.19(A)(1) and (A)(3). Appellant plead not guilty at his arraignment. Appellant later filed a pretrial motion to suppress the evidence, which the trial court overruled. The case came on for jury trial on February 2, 2000, on the R.C. 4511.19(A)(3) charge alone. At trial, Village of Loudonville Police Officer Ronald Goltry testified he pulled into the Mohican Camp Grounds to conduct a security check and observed a vehicle parked in the roadway, leading back into a cabin and teepee area. Officer Goltry exited his cruiser, approached the vehicle, and found appellant asleep at the wheel, seatbelt on, seat reclined, shoes off, headlights on, keys in the ignition, and motor running. Officer Goltry woke appellant up and smelled alcohol on or about appellant's person when he opened the door. Officer Goltry requested appellant submit to field sobriety tests, but appellant refused. According to Officer Goltry, appellant became belligerent, was arrested for OMVI, and taken to the Loundonville Police Department. There, he was given a breath test. Officer Goltry testified, ".191 was the breath test sample", and the legal limit in Ohio was ".01." T. at 72. Deputy Christopher LeFever of the Ashland County Sheriff's Department assisted Officer Goltry in appellant's arrest. Deputy LeFever testified appellant's breath test result was ".191." T. at 81. Patrol Andrew Kusik of the Loundonville Police Department testified he was the senior operator of the BAC Data Master at the Loundonville Post. He ran calibration checks on the breath testing machine on October 10, 1999, and October 17, 1999. Patrolman Kusik stated, in his opinion, the machine should have been working properly on October 13, 1999, the date appellant was tested. T. at 90-96. At the close of appellee's case, appellee moved to admit its Exhibits 1-9 into evidence. Appellant objected, stating "neither one of the officers testified that the defendant had .191 grams of alcohol per 210 liters of breath." T. at 97. The trial court agreed, but, nevertheless, overruled appellant's motion for acquittal and admitted appellee's nine exhibits. Among the exhibits admitted was the Data Master test report form. (Exhibit 2). That report indicated appellant's test result was ".191 GRAMS OF ALCOHOL PER 210 LITERS OF BREATH." Appellant testified he was not intoxicated when he first started driving, but after a short while he began to feel the effects of the alcohol he consumed. As a result, he pulled off the road and parked in a safe place to sleep it [the alcohol] off. T. at 107-108. After closing argument, the trial court instructed the jury, in pertinent part, if appellee proved beyond a reasonable doubt the essential elements appellant was operating a vehicle with a concentration of .10 of a gram or more by weight of alcohol per 210 liters of breath, their verdict must be guilty. However, if appellee failed to prove beyond a reasonable doubt any one of the essential elements appellant was operating a vehicle with the concentration of .10 of a gram by weight of alcohol per 210 liters of breath, their verdict must be not guilty. Following deliberations, the jury returned a verdict of guilty. The trial court entered a conviction based upon the jury's verdict and sentenced appellant accordingly. It is from his conviction and sentence appellant prosecutes this appeal, assigning as error:
 THE CONVICTION OF OMVI UNDER R.C. 4511.19(A)(3) IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE RESULT OF THE BREATH ALCOHOL TEST GIVEN TO THE DEFENDANT OF .191 WAS INADMISSIBLE, SINCE THERE WAS NO TESTIMONY BY THE OFFICER WHO ADMINISTERED THE TEST INDICATING OR EXPLAINING WHAT THE TEST RESULT MEANT; AND, SINCE THE RESULT OF THE BREATH ALCOHOL TEST GIVEN TO THE DEFENDANT OF .191 WAS INADMISSIBLE FOR LACK OF FOUNDATION, THE STATUTORY PRESUMPTION OF INTOXICATION DID NOT ARISE AND THE DEFENDANT CANNOT BE CONVICTED OF VIOLATION OF R.C. 4511.19(A)(3).
Herein, appellant challenges the jury's verdict as being against the manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. Appellant primarily relies upon the syllabus in Toledo v. Raider (1983), 14 Ohio App.3d 198, for the proposition, in order for the results of the intoxilizer test to be admissible in evidence, the prosecution must elicit from the officer who administered the test, in addition to other foundational proof, testimony indicating or explaining what the result means. Without such testimony, evidence of the test result is rendered meaningless and inadmissible. We have reviewed Raider, and the other cases cited by appellant in support of his argument: State v. Phillips (1993), 97 Ohio App.3d 1, and State v. Teresko (Mar. 18, 1991), Butler County App. No. CA90-05-089, unreported. We find no mention of evidence comparable to appellee's Exhibit 2 being admitted in any of those cases. Both Raider and Phillips cite Mentor v. Giordano (1967),9 Ohio St.2d 140, for the proposition at least some evidence is necessary to explain what a given reading or result of a test for intoxication indicates. Id. at 146. (Emphasis added). Unlike Raider, Phillips and Teresko, in the case sub judice Exhibit 2 expressly showed appellant's test result was ".191 GRAMS OF ALCOHOL PER 210 LITERS OF BREATH." When coupled with the trial court's instruction noted supra, we find there was sufficient, competent, credible evidence to support the jury's verdict. Appellant's sole assignment of error is overruled. The judgment of the Ashland Municipal Court is affirmed.