The STATE of Ohio, Appellee,

v.

MARRYOTT, Appellant.

[Cite as *State v. Marryott* (1993), 85 Ohio App.3d 601.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1035.

Decided March 2, 1993.

*Ronald J. O'Brien*, City Attorney, *David M. Buchman*, City Prosecutor, and *Brenda J. Keltner*, for appellee.

*Daniel D. Connor Co., L.P.A.*, and *Dennis P. Evans*, for appellant.

PETREE, Judge.

Defendant, Lawrence R. Marryott, Jr., appeals his conviction from the Franklin County Municipal Court of operating a motor vehicle while intoxicated with a greater breath-alcohol content than permitted by R.C. 4511.19(A)(3). On appeal, the assignment of error he has presented for review states:

"The trial court erred, to the prejudice of appellant, in admitting the results of appellant's chemical breath test without requiring the prosecution to first introduce foundational evidence as to the test's reliability."

Defendant was stopped by police on Woody Hayes Drive near the Ohio State University campus on the evening of February 8, 1992 for travelling thirty-eight miles per hour in an area with a twenty-five mile per hour speed limit. The arresting officer noticed the odor of alcohol about defendant's person, that his hand had been stamped as is done at campus area bars and that his eyes were bloodshot. Hence, the officer had defendant perform several standard field sobriety tests which defendant had difficulty executing. The officer then arrested him for driving under the influence of alcohol and transported him to police headquarters for a chemical breath test. Defendant consented to the test which was performed on BAC Verifier instrument No. 612111 by a duly licensed operator within the prescribed time limits and in accordance with the testing procedure checklist. The test resulted in a reading of .146 grams of alcohol per .210 liters of breath, well over the .10 limit allowed by R.C. 4511.19(A)(3). Hence, defendant was charged with a *per se* violation under this statute.

Defendant filed pretrial motions to suppress the result of the breath test first arguing that the police lacked probable cause to stop defendant, and second, arguing that the state did not substantially comply with the radio frequency interference (RFI) surveys required for the BAC Verifier by Ohio Adm.Code 3701–53–02(C). Specifically, defendant's motion to "suppress all references to the breath test" argued that the chemical examination "was not conducted in compliance with Ohio Administrative Code 3701–53–02 and Appendix G." Though

defendant cited a number of cases involving various issues of noncompliance with the code requirements in his memorandum in support, the first sentence of defendant's memorandum made clear that he was challenging the police's RFI survey. Defendant stated "[p]laintiff has not complied with the requirements of the [Department of Health] specifying appropriate RFI Survey procedures. OAC Section 3701–53–02(C) and Appendix G." Later, at the beginning of the suppression hearing before the trial judge, the parties stipulated for the trial judge and the record that "[e]ssentially the testimony that you're going to hear is regarding the RFI Survey, which was performed in January of '92. * * * "[1]

The state called Officer Charles F. Haw, a police officer with a senior operator's permit who conducted the required January 6, 1992 RFI survey on BAC Verifier No. 612111. That was the last such survey performed on that particular machine. He stated that he was familiar with the RFI survey requirements in the Department of Health regulations and that he complied with them. The state also called Officer Richard Morman, another officer with a senior operator's permit involved in the January 6, 1992 RFI survey. He testified that he was familiar with the Department of Health regulations and said the RFI survey was conducted according to those regulations.

Defense counsel objected to this terse testimony presented by the state, but the state argued that defendant's motion was a so-called fishing expedition motion that did not specify any particular RFI violation and that the state met the specificity of defendant's motion. The defense contended that the state had to put on what the officers actually did in performing the survey so that he could then cross-examine them about it. But the trial court ruled that the state had no such burden because the motion to suppress was not specific. Defense counsel proceeded to present testimony concerning the lack of the officers' knowledge of the wattage of mobile radio units used in the survey and the state countered with its own testimony in this regard.

At the close of the evidence, the trial court ruled that defendant had failed to demonstrate noncompliance with the RFI survey requirements so as to shift the burden to the state. The court therefore overruled defendant's motion and clarified the ruling as follows:

"THE COURT: Just for informational purposes as well, this ruling is limited only to the issue of the RFI survey procedures. As both counsel are fully aware, there's dicta in Defiance versus Kretz with regard to the state's burden with proceeding to trial. Since the only issue argued here today was the RFI survey and not that full foundational matters were laid, the Court does *further rule that*

---

1. The parties agreed that the testimony regarding the RFI survey would also apply to another case involving a defendant named Wildman that was arrested a month after defendant.

*it will be the burden of the State of Ohio to lay appropriate foundation to admit the tests at trial on the merits.*" (Emphasis added.)

Defendant did not file any more motions to suppress and the case came up for trial on July 30, 1992. Prior to presenting its case, the state requested further clarification about the trial court's ruling on the state's burden to present foundational evidence. The state argued that it had no such burden and defense counsel strenuously objected. The trial court, relying on language in the majority opinion of *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, and the Medina County Court of Appeals' opinion in *State v. Dvorak* (1989), 65 Ohio App.3d 44, 582 N.E.2d 1027, ruled that challenges based on noncompliance with Department of Health regulations for the alcohol breath test are pretrial issues to be litigated by means of a motion to suppress and that a failure to raise such an issue in that fashion waives any foundational requirement upon the state at trial. So, the court ruled that defendant's objection to admission of the breath-test result based upon the state's failure to lay a foundation was overruled. Defendant objected.

The case then proceeded as a bench trial. The state's case consisted of calling the arresting officer who testified that he arrested defendant for drunk driving and obtained defendant's consent to conduct the breath test. The officer then testified that the printout from the machine read .146. The officer who administered the test said he followed the BAC Verifier checklist in testing defendant. He then identified the printout he obtained from the machine pertaining to defendant and noted that it said "No RFI present," but defense counsel objected to admission of the breath-test result on the ground that no foundational evidence was presented as to calibration and calibration solution certificates. The trial court overruled the motion. Defense counsel then sought to cross-examine this officer about the fact that the machine in question "had a lot of problems" and was repaired in January but put out of service for good on April 24, 1992. The trial court sustained the state's objection to this cross-examination on the ground of relevancy.

In closing arguments, defense counsel renewed his argument that the state failed to present foundational evidence at trial to show an RFI survey was conducted and that a proper calibration was done. The court ruled that the RFI survey had been raised and tried in the motion to suppress hearing and that defendant waived all other Department of Health noncompliance issues by failing to raise them in a motion to suppress prior to trial. The court proceeded to find defendant guilty, sentenced him to three days in jail, fined him $200 plus court costs and suspended his driving privileges for ninety days, except for occupational driving on the condition of proof of financial responsibility.

In the present appeal, defendant argues that the trial court erred in admitting the breath-test results without foundational evidence to show that the Department of Health regulations were complied with in this case. Defendant's position is that the state has the burden not only to present evidence of compliance when confronting a proper motion to suppress addressing these issues, but also to present foundational evidence on these same issues at trial to establish what are in effect elements of the offense. By contrast, the state's position is that Department of Health regulation compliance issues can only be litigated by way of the motion to suppress prior to trial and that a failure to raise such an issue at that stage of the proceedings altogether waives the issue. The trial court accepted the state's position but said that the waiver would operate to relieve the state of the burden to present foundational evidence at trial, which is a middle position between the two extremes presented by the parties.

There has been a marked divergence of views among Ohio courts concerning the timing and burdens relative to the determination of alcohol test admissibility. See Painter & Looker, Ohio Driving Under the Influence Law (2 Ed.1990) 110, Section 11.06. Indeed, there was disagreement in this court over the basic issue of whether the proper method to contest Department of Health compliance issues was through a pretrial motion to suppress or through a motion *in limine.* That issue was resolved by the Ohio Supreme Court in *Defiance, supra.* There, the court wrote in the syllabus:

"A motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.-19(A)(3). A plea of no contest does not waive a defendant's appeal from an adverse ruling on the motion."

Hence, while the motion to suppress was traditionally reserved for litigating constitutional issues like unlawfully obtained confessions or improper arrests, the court extended the purview of the motion to noncompliance with Department of Health regulations in *per se* drunk driving cases. The ramifications of the *Defiance* case, however, have yet to be determined and are what the parties seek to have resolved here.

The trial court first seized on language in the majority opinion of *Defiance,* which was authored by then-Justice Herbert R. Brown. In supporting the conclusion that the motion to suppress relating to noncompliance was appealable despite a no contest plea, he did emphasize that the defense to a *per se* charge is "destroyed" where the breathalyzer test result is declared valid after a pretrial challenge. *Id.,* 60 Ohio St.3d at 4, 573 N.E.2d at 34. We note, however, that the court did not go so far as to overrule or disapprove of prior cases, like *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, which addressed the state's foundational burdens at trial. The trial court also considered *Dvorak,*

*supra,* which squarely held that Department of Health regulations must be raised prior to trial or else be waived under Traf.R. 11(B) and (F). That case, however, was decided before *Defiance* and is not binding on this court.

Though the parties wish that we resolve this issue today, we need not do so to decide this case. At minimum, by necessary implication *Defiance* stands for the proposition that a defendant *may* raise Department of Health regulation compliance issues pretrial by way of a motion to suppress. Here, defendant was clearly deprived of that opportunity and the opportunity to cross-examine the state's witnesses on the subject by virtue of the trial court's ruling at the end of the suppression hearing. The court expressly told defendant that he could raise other issues, unrelated to the RFI survey, during the trial of the matter. Defendant did not file any other pretrial motions but instead tried to raise the issues at trial, as the trial court had earlier ruled. Unfortunately, the trial court completely reversed that prior ruling at trial and thereby deprived defendant of any opportunity to question these issues. For instance, defendant wanted to show that no calibration was done on the machine, but the court would allow no examination on this issue.

R.C. 4511.19(A)(3) is a strict liability offense which comes very close to "trial by machine." We must be mindful of the dire consequences to the defense of such charges if there is no opportunity to even explore the efficacy of the test under applicable regulations. Hence, we find that defendant was prejudiced because he could have filed a motion to suppress pretrial had it not been for the trial court's ruling. While it could be argued that the original motion to suppress did call into question more than the RFI survey procedures, we think it is fair to say that the parties and the court understood that only the RFI survey issues were being litigated at that time. This left open other issues, such as calibration, for another motion hearing, which defendant was never allowed to litigate. Accordingly, we find defendant's assignment of error to be well taken.

For the foregoing reasons, defendant's assignment of error is sustained. The judgment of the trial court is reversed and remanded with the instruction that the trial court hold another suppression hearing if defendant files a properly framed motion to suppress raising noncompliance with other Department of Health regulations.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT, P.J., and DESHLER, J., concur.