The **STATE** of Ohio, Appellee,

v.

**YOUNG**, Appellant.

[Cite as *State v. Young* (1993), 88 Ohio App.3d 486.]

Court of Appeals of Ohio,
Portage County.

No. 92–P–0001.

Decided July 1, 1993.

*David W. Norris,* Portage County Prosecuting Attorney, and *Gail L. Vannelli,* Assistant Prosecuting Attorney, for appellee.

*Paul M. Earle,* for appellant.

CHRISTLEY, Judge.

This is an accelerated calendar case. Appellant, Arnold Young, appeals his December 12, 1991 conviction under R.C. 4511.19(A)(3), driving under the influence of alcohol. Initially, appellant was also charged under R.C. 4511.202 for failure to control his vehicle, R.C. 4511.19(A)(1) for driving under the influence, and R.C. 4511.19(A)(3) for driving under the influence. Prior to trial, all but the R.C. 4511.19(A)(3) charge were dropped.

A bench trial was held on December 12, 1991, and the following evidence was presented.

On September 2, 1991, Officer Guilitto of the city of Ravenna Police Department stopped and arrested appellant. Appellant was arrested and agreed to take a breathalyzer test, which showed over the legal limit.

Officer Guilitto testified at trial that the test was administered in accordance with the Department of Health's rules and regulations, although no other specific information was presented. The state introduced into evidence the BAC verifier test report form prepared by Officer Guilitto. Appellant made a general objection when the prosecution asked the officer if the test had been administered in

accordance with the Department of Health's rules and regulations. His objection was overruled.

After the prosecutor rested, appellant moved pursuant to Crim.R. 29 that he be acquitted, as appellant did not believe that the state had proven its case, since there was no proper foundation for the admission of the test results.

The trial court stated:

"The court, specifically, rules because there was no motion to suppress filed so defense has waived that right to object to any foundational matters. * * * "

Appellant was found guilty of driving under the influence under R.C. 4511.-19(A)(3), and was subsequently sentenced.

Appellant timely appealed and his sentence was stayed. Appellant raises one assignment of error:

"The trial court erred to the prejudice of appellant in overruling his motion for judgment of acquittal made 'at the conclusion of appellee's case in chief."

It is appellant's premise that the state did not sustain its burden of proof at trial. In other words, appellant contends that the state did not lay a proper foundation for the admission of the breathalyzer results; and, as such, the state did not prove an essential element of its case.

R.C. 4511.19(A)(3) states:

"No person shall operate any vehicle * * * within this state, if any of the following apply:

" * * *

"(3) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood[.]"

The statute further requires that such testing shall be analyzed in accordance with methods approved by the Director of Health. *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 102, 532 N.E.2d 130, 132, citing *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908.

In such a suppression hearing, "the court hears *all* relevant evidence on the issue of admissibility." (Emphasis added.) *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35.

There the Ohio Supreme Court held that a motion to suppress is the proper procedure for challenging breathalyzer test results in R.C. 4911.19(A)(3) prosecutions. Accord *State v. Grodecki* (Mar. 31, 1992), Portage App. No. 91–P–2368, unreported, 1992 WL 79605. We note that both of these cases dealt with pleas following unsuccessful suppression exercises.

In fact, the Van Wert Court of Appeals has gone as far as to say that " * * * the sole and proper mode of raising an objection to the admissibility * * * of an intoxilyzer test is by motion to suppress prior to trial and that in the absence of such a motion *any* objection to admissibility is waived." (Emphasis added.) *State v. Collins* (1985), 26 Ohio App.3d 204, 205, 26 OBR 426, 426, 498 N.E.2d 1379, 1379.

Research has found that neither the Ohio Supreme Court nor this court has ruled upon the precise issue raised by appellant. However, at least three other districts have: the Third, the Fourth and the Ninth Districts: *State v. Vermillion* (May 8, 1985), Union App. No. 14–83–9, unreported, 1985 WL 9130; *State v. Anderson* (Dec. 31, 1987), Hancock App. No. 5–87–1, unreported, 1987 WL 32136; *State v. Kempton* (May 1, 1985), Ross App. No. 1099, unreported, 1985 WL 9455; *State v. Dvorak* (1989), 65 Ohio App.3d 44, 582 N.E.2d 1027.

In *Vermillion*, following an unsuccessful motion to suppress, appellant challenged a trial court's policy that the state need only ask two questions to get breath test results admitted: "(1) Was there a test given; and (2) What was the result." *Id.* at 9. There, the appellant argued that the state had not established the proper foundation at trial to admit the results of a blood-alcohol test. Specifically, appellant contended that the admissibility of the results of the test was contingent upon the establishment at trial that the results were legally obtained and were obtained in accordance with the rules and regulations of the Department of Health.

The Third Appellate District concluded that the state had the ultimate burden of proving only the fulfillment of the prerequisites or foundation conditions to the extent that the accused took issue with the legality of the test. *Vermillion* at 9, citing *State v. Gasser* (1980), 5 Ohio App.3d 217, 5 OBR 501, 451 N.E.2d 249. The court went on to say that where an accused fails to raise specific grounds by a pretrial motion to suppress the intoxilyzer test results, it constitutes waiver of the right to raise the same at trial. In such circumstances, the state need not " '*establish any foundation for the introduction of the test results.*' " (Emphasis added.) *Vermillion* at 10, quoting *State v. Schaffner* (Aug. 24, 1983), Van Wert App. No. 15–82–8, unreported, 1983 WL 7326. Accord *Kempton.*

Although both *Vermillion* and *Kempton* considered the necessity of a foundation after the denial of a motion to suppress, the logic in those cases would apply as well to cases where a motion to suppress had not bee filed. In fact, that scenario was discussed in *Vermillion* at 10. The premise was that any objection to the admissibility of the test results needed to be made in a motion to suppress. Accord *Defiance v. Kretz.*

*Ergo,* if no motion is filed, the accused is deemed to have waived any further objection to the admissibility of the test results, and the state need not present

any foundation to admit the test results at trial. Painter, Ohio Driving Under the Influence Law (2 Ed.1990) 165, Section 17.02.

Likewise, the Ninth Appellate District held in *Dvorak* that if a defendant failed to have evidence suppressed at pretrial, he waived any requirement upon the state to establish additional foundation for that evidence at trial. That court concluded that the evidence was admissible at trial without the state further establishing compliance with ODH regulations.

We have found at least one jurisdiction which questioned the breadth of *Defiance*. The Tenth Appellate District in *State v. Marryott* (1993), 85 Ohio App.3d 601, 605–606, 620 N.E.2d 891, 894, noted that the Supreme Court in *Defiance* did not go as far as overruling or disapproving prior cases such as *Cincinnati v. Sand*. However, the Tenth District chose not to resolve the foundation issue in *Marryott,* and reversed on another ground. *Id.,* 85 Ohio App.3d at 606, 620 N.E.2d at 894.

■ While we agree with the gist of *Vermillion, Anderson, Kempton,* and *Dvorak,* we do not believe that *Defiance* excuses the appellee from having to lay at least a minimal evidentiary foundation prior to admission for each element charged. As Judge Cacioppo points out in her dissent in *Dvorak,* evidence may be nonadmissible for reasons which are outside the scope of the exclusionary rule.

Although not raised here, the failure to offer a *de minimus* foundation could result in an acquittal based on insufficient evidence, *i.e.,* some admissible evidence on each element was not presented.

In determining what constitutes this *de minimus* foundation, we look to the elements set out in the code. R.C. 4511.19(D) provides that the court may admit evidence on the concentration of alcohol in the accused's breath at the time of the alleged violation as shown by chemical analysis of the accused's breath withdrawn *within two hours of the time of the alleged violation.*

This section of the statute further provides that the bodily substance shall be analyzed in accordance with methods approved by the Director of Health *and by an individual possessing a valid permit issued by the Director of Health.*

■ As a review, the prosecution's burden at trial is to present evidence on each of the following elements:

"a. The bodily substance must be withdrawn within two hours of the time of such alleged violation.

"b. Such bodily substance shall be analyzed in accordance with methods approved by the Director of Health.

"c. The analyses shall be conducted by qualified individuals holding permits issued by the Director of Health pursuant to R.C. 3701.143." *Cincinnati v. Sand* at paragraph two of the syllabus.

In the present case, the prosecutor did lay a minimum foundation before the test results were admitted in the present case. The officer testified that he requested that appellant take a breathalyzer test and that appellant took the test. Prior to the admission of the actual report and test results, the officer testified that the test had been administered in accordance with the Department of Health rules and regulations; that he had prepared the BAC Verifier Test Report Form; that the report contained the results of appellant's breath test; that appellant's breath contained .257 grams of alcohol per two hundred ten liters of breath which was above the legal limit; that there was a copy of the printout on the report; and that the officer signed both the ticket and the report.

Although there was no evidence prior to the test results, admission that the bodily substance was withdrawn within two hours of the alleged violation and that the officer was qualified to administer the breathalyzer test, for the foregoing reasons, it was harmless error, given the state of the record before us.

The BAC verifier printout indicates that the test was taken at 01:51 on September 2, 1991. The officer testified that he pulled over appellant on September 2, 1991. Since September 2, 1991 was not then two hours old, the test must have been administered within the two-hour limit.

Moreover, a review of the BAC verifier test report form shows that it is signed by the arresting officer on the operator's signature line, and it gives his permit number and the permit's expiration date of March 27, 1992. There was, therefore, evidence presented that the arresting officer was qualified to administer the BAC verifier. Thus, there was evidence presented on each element required by R.C. 4511.19(D), admittedly in a haphazard fashion. Appellant's assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.