The STATE of Ohio, Appellee,

v.

GEORGE, Appellant.

[Cite as *State v. George* (1994), 98 Ohio App.3d 371.]

Court of Appeals of Ohio,
Preble County.

No. CA94–03–006.

Decided Dec. 19, 1994.

372

*John L. Petry,* for appellee.

*Augustus L. Ross III,* for appellant.

---

WALSH, Presiding Judge.

On May 8, 1993, Trooper Robert Lindenborn of the State Highway Patrol observed defendant-appellant, Roger A. George, driving a truck west on Interstate 70 in Preble County, Ohio. Trooper Lindenborn witnessed appellant weave in his lane of travel over the white edge line five times, each time by a distance of one to two feet. Trooper Lindenborn stopped appellant. After noticing a smell of alcohol about appellant, slurred speech, and bloodshot eyes, Trooper Lindenborn administered a field sobriety test to appellant, which he failed. Appellant was subsequently arrested and transported to a patrol post, where he was given a Breath Alcohol Content test ("BAC test"). Appellant registered on a BAC Verifier as having .122 grams of alcohol per two hundred ten liters of breath. Appellant was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3).

Following a motion to bifurcate, appellant was tried separately on each charge in the Eaton Municipal Court of Preble County, Ohio.[1] On November 4, 1993, appellant was convicted of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). On February 23, 1994, appellant was found guilty of violating R.C. 4511.19(A)(3). On March 23, 1994, appellant was sentenced for violating R.C. 4511.19(A)(3); no sentence was imposed on the other conviction. Appellant was sentenced to twenty days in jail and fined $600. Appellant's operator's license was suspended for two years. The trial court suspended ten days of appellant's jail sentence, $300 of his fine, and one year of his license suspension.

On appeal, appellant raises the following assignments of error:

Assignment of Error No. 1:

---

1. We note that the trial court employed an unusual procedure by granting appellant's motion to bifurcate.

"The trial court erred in finding defendant appellant guilty of a violation of O.R.C. 4511.19(A)(1)."

Assignment of Error No. 2:

"The trial court erred in admitting the BAC verifier result as the state failed to prove that the Ohio Department of Health rules and regulations had been followed by the Ohio State Patrol."

Assignment of Error No. 3:

"The trial court erred in its determination that the four issues listed in Issue I[I] [*sic* ] of appellant's brief and raised as issues by the state at trial went to the weight of the evidence rather than the admissibility of the BAC test result."

■ In his first assignment of error, appellant argues that there was insufficient evidence to find him guilty beyond a reasonable doubt of violating R.C. 4511.19(A)(1). " * * * R.C. 4511.19(A)(1) and (A)(3) are allied offenses of similar import under R.C. 2941.25(A)." *State v. Ryan* (1984), 17 Ohio App.3d 150, 152, 17 OBR 250, 251, 478 N.E.2d 257, 260. Therefore, "a defendant may be charged with both [offenses], found guilty of both, but may be sentenced only as to one." *State v. Mendieta* (1984), 20 Ohio App.3d 18, 20, 20 OBR 19, 21, 484 N.E.2d 180, 183. "A conviction without an imposition of sentence is not a final appealable order." *Coshocton v. James* (Oct. 29, 1990), Coshocton App. No. 90–CA–6, unreported, at 2, 1990 WL 173192. As pointed out above, appellant was not sentenced on his conviction for violating R.C. 4511.19(A)(1). Thus, we are not presented with a final appealable order. *Id.* Accordingly, appellant's first assignment of error is overruled.

Because appellant restates in his third assignment of error arguments made in his second assignment of error, the two assignments of error will be considered together. Appellant argues that the trial court erred in admitting the results of his BAC test into evidence because it lacked a proper foundation. Specifically, appellant argues that the state failed to prove the minimum required reliability of the qualifications of the operator, the condition of the machine, and the test protocol followed. Appellant failed to raise these issues in a motion to suppress, but did object to the admissibility of the BAC test results at trial.

■ The state argues, relying on *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, that appellant's failure to challenge the BAC test results in a motion to suppress waived the issue for appeal. We agree in part with the state's argument. In the syllabus of *Defiance*, the Ohio Supreme Court held that "[a] motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3)." In the body of its opinion, the Supreme Court stated that:

"R.C. 4511.19 is a strict liability statute. * * * In determining whether the defendant committed the *per se* offense, the trier of fact is not required to find that the defendant operated a vehicle while under the influence of alcohol or drugs, but only that the defendant's chemical test reading was at the prescribed level and that the defendant operated a vehicle within the state. * * * The accuracy of the test results is a critical issue in determining a defendant's guilt or innocence.

"The admissibility of test results to establish alcoholic concentration under R.C. 4511.19 turns on substantial compliance with ODH regulations." *Id.* at 3, 573 N.E.2d at 34.

This passage makes clear that the principal issue in a prosecution for driving under the influence in violation of R.C. 4511.19(A)(3) is the admissibility of the BAC test results.

Some confusion exists concerning the scope of *Defiance* because it appears to allow a defendant the opportunity to raise nonconstitutional challenges to the admission of BAC test results in a motion to suppress. This interpretation of *Defiance* may be counterintuitive because Traf.R. 11(B) and Crim.R. 12(B) only require a motion to suppress to be raised prior to trial when it is argued that evidence was illegally obtained. In addition, both Traf.R. 11(B) and Crim.R. 12(B) state that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue" may be raised before trial by motion. Under the *per se* subsections of 4511.19, admission of the BAC test results essentially determines guilt. Thus, a motion to suppress hearing determines the general issue.

*Defiance* raises a question concerning when a defendant should challenge the admission of a BAC test result. Two different schools of thought have developed concerning this issue.

In *State v. Guy* (Apr. 30, 1993), Ottawa App. No. 92–OT–023, unreported, 1993 WL 134000, the Sixth District Court of Appeals held that a defendant waives *any* objection to the admission of BAC test results if the results are not challenged in a motion to suppress. (Emphasis added.) See, also, *State v. Simmons* (Nov. 9, 1993), Ross App. No. 92CA1927, unreported, 1993 WL 473217. *Simmons* and *Guy* stand for the proposition that BAC test results are automatically admitted into evidence when a defendant does not file a motion to suppress.

■ A second position, and the one which we adopt today, holds that even if a defendant does not file a motion to suppress, the state must still establish a minimum evidentiary foundation relating to the execution of the test in order for the BAC test results to be admitted into evidence. See *State v. Young* (1993), 88 Ohio App.3d 486, 624 N.E.2d 314.

The question then becomes what minimum foundation the state must establish. As the Tenth District aptly pointed out, there are two different foundational challenges a defendant could make in these cases:

"One, of course, is the actual operation of the test itself. This would include all of the items on the operator's checklist for the actual drawing of the bodily substance and the reading of the test result. The foundation for the working of the machinery itself falls into a different category. * * * [*Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908] does not require foundation testimony *at time of trial* concerning the operation of the machine used, as long as the actual analysis done on the bodily substance is done in the proper manner and with proper foundation." (Emphasis *sic.*) *Whitehall v. Lee* (Sept. 30, 1993), Franklin App. No. 93AP–548, unreported, at 4, 1993 WL 387138.

■ The state is required to demonstrate the minimum foundation required by R.C. 4511.19(D) regardless of whether the defendant has filed a motion to suppress. *Young.* R.C. 4511.19(D) requires the state to establish that (1) the specimen subject to the test was withdrawn within two hours of the time of the alleged violation; (2) the specimen was gathered and tested in accordance with the methods approved by the Director of Health [2]; and (3) the analysis was made by an individual possessing a valid permit issued by the Director of Health pursuant to R.C. 3701.143. *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908. These elements go to the actual execution of a particular BAC test. If a defendant has failed to file a motion to suppress, then the defendant's challenge to the admissibility of the BAC test results at trial is limited to these three elements.[3] Under these circumstances, a defendant may not challenge the working of the testing instrument itself or the testing instrument's scientific reliability. See *Lee.* Such a challenge can only be done in a pretrial motion to suppress, or it is waived.

■ In this case, appellant argues that the state failed to prove Trooper Lindenborn was properly certified to operate the BAC Verifier because he failed to produce a copy of his certificate and because Trooper Lindenborn did not testify that he was a senior operator. First, Trooper Lindenborn testified that he was a certified operator. This testimony was not challenged by appellant. The trial court was entitled to rely on Trooper Lindenborn's testimony that he was a certified operator. See *State v. Adams* (1992), 73 Ohio App.3d 735, 746, 598 N.E.2d 176, 183–184. Second, Trooper Lindenborn did not have to be a senior

---

2. In other words, that the certified operator of the BAC machine followed the checklist.

3. Of course, evidence may be inadmissible "for reasons which are outside the scope of the exclusionary rule [of R.C. 4511.19(D)]." *Young,* 88 Ohio App.3d at 490, 624 N.E.2d at 316. Such objections are not precluded by our holding in this case.

operator in order to test appellant. See *Aurora v. Kepley* (1979), 60 Ohio St.2d 73, 14 O.O.3d 273, 397 N.E.2d 400, paragraph two of the syllabus.

Appellant also argues that he was not in Trooper Lindenborn's view for three minutes of the required twenty-minute observation period to make sure that there was no oral ingestion of any substance, and therefore, the BAC test results were inadmissible. Appellant was tested approximately twenty-two minutes after he was pulled over. Appellant testified that he had a mint in his mouth while he was driving, but Trooper Lindenborn asked him to remove it when he was stopped. Trooper Lindenborn testified that he observed appellant for twenty minutes prior to administering the BAC test. Trooper Lindenborn did testify that appellant was out of his view for three minutes, but during that time appellant was handcuffed and secured in the back of a police cruiser and was unable to ingest any substance. Appellant testified that he did not ingest any substance after being stopped.

The state was only required to offer evidence that "during the relevant period the subject was kept in such location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable." *Adams, supra,* 73 Ohio App.3d at 740, 598 N.E.2d at 179. The state did offer such evidence, and "mere assertions that ingestion was hypothetically possible [will] not vitiate the observation period foundation so as to render the [BAC] test results inadmissible." *Id.* Furthermore, appellant admitted that he did not ingest anything before being tested.

The remainder of appellant's arguments challenge the working of the BAC Verifier. These challenges should have been made in a motion to suppress. Since he did not file a motion to suppress, appellant's remaining arguments are not properly before this court. *Lee, supra.* Accordingly, appellant's second and third assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.