OPINION
This appeal is brought by Dale R. Clark, Appellant, from a judgment of the Logan County Municipal Court denying his motion to suppress evidence of breathalyzer test results which were subsequently used to convict Appellant of operating a motor vehicle with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3).
Dale Clark was arrested on March 4, 1997 and charged with improper backing, driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and driving with a prohibited level of alcohol in his breath, in violation of R.C.4511.19(A)(3). A test of Clark's breath alcohol content found .118 grams of alcohol per 210 liters of his breath. Clark entered not guilty pleas to all charges. On April 15, 1997, Clark filed a motion to suppress evidence, challenging the legality of his arrest, the admissibility of post-arrest statements, and the admissibility of the breathalyzer test results. Following a hearing on the motion, the trial court agreed to exclude post-arrest statements made by Clark but denied his other requests for suppression. On July 23, 1997, Clark entered a plea of no contest to the charge of operating a motor vehicle with a prohibited breath alcohol content, pursuant to R.C. 4511.19(A)(3), and was found guilty by the trial court. The remaining charges were dismissed.
Appellant now appeals the decision of the trial court denying his motion to suppress breathalyzer test results, asserting two assignments of error:
First Assignment of Error
 The trial court erred in denying Defendant-Appellant's motion to suppress the results of the chemical test of his breath based upon the State's failure to prove that all required frequency bands were tested in the RFI survey conducted on the BAC Datamaster.
 Second Assignment of Error
 The trial court erred in denying Defendant-Appellant's motion to suppress evidence of a chemical test of his breath based upon the State's failure to establish that the officers conducting a radio frequency interference survey of the BAC Datamaster had used two hand-held radios as required by the regulations of the Ohio Department of Health.
Both of the errors assigned by Appellant challenge the admissibility of breath alcohol test results on the basis that a radio frequency interference ("RFI") survey performed on the BAC Datamaster machine on January 28, 1997 had not been conducted in compliance with the regulations of the Ohio Department of Health. We find the facts and errors raised in this appeal identical to facts and errors assigned in State v. Robinson (Dec. 30, 1997), Logan App. No. 8-97-11, unreported. In Robinson, this court held that the January 28, 1997 RFI survey was not required under Ohio Adm. Code 3701-53-02 for the radios used at the jail in this case. Therefore, we find Appellant was not prejudiced by the way in which the January 28, 1997 RFI survey was conducted.
While we find our decision in Robinson dispositive of this appeal, we also note the following in addition to our analysis inRobinson: we find Appellant's second assignment of error which challenges the officers' failure to use two hand held radios when performing the RFI survey as violative of the Ohio Department of Health regulations, has been waived by Appellant pursuant to the law espoused in Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218.
Crim.R. 47 makes clear that a motion for a court order "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." The reason for requiring such specificity in motions has been explained by the Ohio Supreme Court in Xenia v. Wallace, 37 Ohio St.3d at 218:
 * * * [T]he prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search.
 The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of the issue on appeal (citations omitted).
In State v. Hensley (1992), 75 Ohio App.3d 822, 828, this court further noted that "there is a presumption of regularity of the action of law enforcement officials, and there is a need for the prosecutor and the court to be put specifically on notice as to what the defendant is challenging."
A review of Appellant's motion to suppress demonstrates that Appellant did not challenge the RFI survey on the basis that only one radio was used during the test, rather he challenged the survey solely on the claim that the officers failed to test the correct frequency bands when performing the January, 1997 survey. Since Appellant's motion to suppress did not challenge the use of one radio versus two in the performance of the RFI survey in this case, we find any claim in this regard has been waived. As it was, all parties prepared for the hearing on the motion to suppress as it related to the challenged radio frequency bands tested in January of 1997. Within this framework then, "the state had the ultimate burden of proving only the fulfillment of the prerequisites or foundation conditions to the extent that the accused took issue with the legality of the test." State v. Young
(1993), 88 Ohio App.3d 486, 489 citing State v. Vermillion (May 8, 1995), Union App. No. 14-83-9, unreported. However, as we found in Robinson, supra, the facts of the case failed to demonstrate any of the occurrences enumerated in Ohio Adm. Code3701-53-02(C)(2) which would have required the state to perform a new RFI survey in January of 1997. Consequently, any procedural errors that occurred during the performance of that survey could not have prejudiced Appellant. Furthermore, because Appellant's motion to suppress only challenged the officers' failure to test all frequency bands in the most recent (January, 1997) RFI survey, the state was not required to present evidence of proper RFI surveys taken prior to January of 1997. Young, supra.
Given the foregoing, Appellant's assignments of error are overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, J., concurs.