OPINION
This matter is before the court on appeal from the Trumbull County Court, Central District, which denied defendant-appellant, Patrick J. Thompson's ("appellant"), motion to suppress the results of a blood alcohol test. The trial court convicted appellant of violating R.C.4511.19(A)(1) for driving under the influence of alcohol.
On June 23, 1999, appellant was involved in a one-vehicle accident in Brookfield Township. Appellant subsequently was arrested and charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), no motorcycle endorsement in violation of R.C. 4501.02(A), driving without statement of proof of financial responsibility in violation of R.C. 4507.21, and failure to control in violation of R.C. 4511.20.
On February 1, 2000, appellant filed a motion to suppress evidence. In his motion, appellant argued the blood test was not administered within two hours of his operation of his motorcycle. Appellant also contended the requirements and regulations of the Ohio Department of Health had been violated.
The matter came before the trial court for hearing on appellant's motion and trial on April 26, 2000. Tammy Bonner, a criminalist with the State Highway Patrol Crime Lab, testified she performed a blood-alcohol analysis on a specimen of appellant's blood. The alcohol concentration in the sample was determined to be 0.188 grams percent by weight of blood.
Earl Guy Willey testified he was driving on Route 82 in Brookfield Township on June 23, 1999. Willey observed lights in his rear view mirror. Willey then looked out his side window and saw an object go around the bend. Willey then observed a large cloud of dust and something rolling end over end. Willey backed his vehicle up and saw the object was a motorcycle. Willey flagged down a passing truck driver and asked him to call for an ambulance. Willey then parked his car and ran back to where the driver, appellant, lay in the middle of the road. Appellant was breathing with difficulty and lying in a puddle of blood.
Ohio State Highway Patrol Trooper Lee Sredniawa responded to the scene. Trooper Sredniawa received the dispatch at 10:40 p.m. He arrived at the accident at 10:50 p.m. Several people were already at the scene, including paramedics, E.M.T. personnel, and Brookfield police officers. Appellant told Trooper Sredniawa he lost control of his motorcycle. Appellant stated his eleven-year old son had fallen off the motorcycle. After an unsuccessful search, Trooper Sredniawa learned the child was away at camp. Trooper Sredniawa reported appellant reeked of alcohol but, due to appellant's extensive injuries, the trooper did not observe any other type of impairment which could be caused by alcohol use. It was not possible to administer any field sobriety tests.
Appellant was transported to the Sharon Regional Health Center. Kurt Roth, an employee there, withdrew some of appellant's blood at 12:36 a.m. on June 24, 1999. Roth testified he is a certified paramedic in Pennsylvania.
The trial court denied appellant's motion to suppress. The trial court found appellant guilty on all charges. The trial court imposed a fine of one thousand dollars ($1,000) plus costs, but suspended five hundred dollars ($500). The trial court sentenced appellant to serve ninety (90) days. Eighty (80) days of the sentence were suspended. Appellant's driver's license was suspended for one year and his vehicle was immobilized for ninety (90) days. The sentence was stayed pending appeal. Appellant has appealed from his conviction for driving under the influence of alcohol. The remaining three charges for which appellant was convicted are not a subject of this appeal and are final judgments.
Appellant has assigned the following assignments of error for review:
 "[1]. The trial court committed reversible error by overruling the defendant/appellant's motion to suppress the results of the blood-alcohol test in the case at bar.
 "[2]. The trial court committed reversible error by overruling the defendant/appellant's motion to suppress the results of the blood-alcohol test in the case at bar."
 In his first assignment of error, appellant contends the trial court erred in denying his motion to suppress because the prosecution did not prove the blood sample was withdrawn within two hours of his having operated a motor vehicle. Appellant therefore concludes that the evidence was inadmissible and should have been suppressed.
In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. State v.Robinson (1994), 98 Ohio App.3d 560. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court must independently determine, without deferring to the trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
In order for the results of an alcohol test to be admitted at trial, the prosecution must satisfy the following foundational requirements by showing: (1) the bodily substance was withdrawn within two hours of the alleged violation; (2) methods approved by the Director of the Ohio Department of Health guided the analysis; and (3) a qualified individual conducted the analysis. State v. Young (1993), 88 Ohio App.3d 486.
R.C. 4511.19(D)(1) provides, in pertinent part:
 "In any criminal prosecution * * * for a violation of this section * * * the court may admit evidence on the concentration of alcohol * * * in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation."
 In Newark v. Lucas (1988), 40 Ohio St.3d 100, the court held at syllabus:
 "1. In a criminal prosecution for violation of R.C. 4511.19(A)(2), (3) or (4), or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the results of a properly administered bodily substances test may be admitted in evidence only if the bodily substance is withdrawn within two hours of the time of the alleged violation.
 "2. In a criminal prosecution for violation of R.C. 4511.19(A)(1), or a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the results of a properly administered bodily substances test presented with expert testimony may be admitted in evidence despite the fact that the bodily substance was withdrawn more than two hours from the time of the alleged violation."
 For violations of R.C. 4511.19(A)(1), the amount of alcohol found, as a result of the chemical testing of bodily substances, is of secondary interest to the defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle. The behavior of the defendant is the paramount concern. The test results are considered in addition to all other evidence of impaired driving. Id. at 104. If the test results are obtained outside of the two-hour period, expert testimony is to be used to relate the test results to the defendant, to defendant's impaired condition, and to the time of the alleged violation. The testimony should also relate the numerical figure representing a percentage of alcohol by weight in the bodily substance as shown by the results of the chemical test to the common understanding of what it is to be under the influence of alcohol. Id. at 105.
In State v. Dandalides (Dec. 6, 1991), Geauga App. No. 90-G-1596, unreported, 1991 Ohio App. LEXIS 5833, this court stated that the prosecution is to show it complied with the two-hour time frame by submitting evidence, testimonial or otherwise. In Dandalides, the prosecution did not establish when the accident occurred and this court held the trial court improperly failed to suppress the evidence of the breath test.
In the instant case, the only witness to the accident, Earl Willey, never testified regarding the time the accident occurred. Trooper Sredniawa testified he received the dispatch at 10:40 p.m., and arrived at the scene ten minutes later. Emergency personnel and the Brookfield police were already at the site. Appellant's blood was withdrawn at 12:36 a.m. the following day. This was four minutes less than two hours after the trooper received the radio dispatch. The prosecution had to prove the accident occurred within the four minutes before Trooper Sredniawa received the dispatch. There is no evidence in the record supporting the state's contention the accident happened in that four-minute time frame. The state provided no evidence at all concerning the time of the accident.
In order for the evidence of a blood test not shown to have been made within two hours to have been admitted at trial, the state would have had to present expert evidence relating to the test results to appellant's condition at the time of the accident, as provided for in Lucas. The state did not provide any such expert testimony at trial. Therefore, under these circumstances, the results of the blood test were inadmissible in the proceedings below.
The state contends that other evidence adduced at trial supports appellant's conviction. Trooper Sredniawa testified appellant "reeked" of alcohol. However, Trooper Sredniawa did not observe any other indicia of impairment due to appellant's injuries. For the same reason, field sobriety tests were not conducted. The state also points to appellant's mistaken belief that his son was with him at the time of the accident as proof of his impairment. However, appellant sustained serious injuries in the accident and his statements may have been the result of his injuries. In any event, this evidence was largely supported by, and intertwined with, the blood-alcohol test results. For this court to conclude that the trial court would have convicted appellant solely on Trooper Sredniawa's testimony and appellant's mistaken belief about his son would be mere conjecture. This court will not attempt such clairvoyance. Rather, this matter should be remanded to the trial court below to allow the state the opportunity to decide whether it will proceed under the circumstances.
While mixing excessive alcohol use with operating a motor vehicle can never be condoned, we are constrained by statutory and case law to reverse appellant's conviction in this case due to the state's failure to establish the timeliness of the blood test used. Therefore, we must remand this matter back to the lower court for further proceedings minus the suppressed evidence. Appellant's first assignment of error is well taken. Because of the disposition of the first assignment of error, appellant's second assignment of error is moot. The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent herewith.
 ________________________________ DIANE V. GRENDELL, JUDGE
O'NEILL, P.J., NADER, J., concur.