OPINION
{¶ 1} This is an appeal from Appellant's conviction and sentence on one count of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A) (1) (d). Appellee is the State of Ohio.
 {¶ 2} In the case sub judice, the record transmitted on appeal included a videotape of the motion to suppress hearing and the bench trial. No complete transcript of either the motion hearing or the trial was provided. App. R. 9 provides for the record on appeal, and states in pertinent part:
 {¶ 3} "(A) Composition of the record on appeal, the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." *Page 3 
 {¶ 4} Accordingly, if the transcript of proceedings is in the videotape medium, the appellant must type or print those portions of the transcript necessary for the appellate court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to his or her brief.
 {¶ 5} Appellant appended copies of eight (8) pages of testimony of "Officer Nelson" from the motion to suppress hearing held July 21, 2006. No transcript concerning the stop of appellant, field sobriety testing, if any, or the videotape of the stop, or lack thereof, were provided by either party.
 {¶ 6} App. R. 9 further provides: "[u]nless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal. If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the appellant, shall file and serve on the appellant a designation of additional parts to be included. The clerk of the trial court shall forward a copy of this designation to the clerk of the court of appeals.
 {¶ 7} "If the appellant refuses or fails, within ten days after service on the appellant of appellee's designation, to order the additional parts, the appellee, within five days thereafter, shall either order the parts in writing from the reporter or apply to the court of appeals for an order requiring the appellant to do so". *Page 4 
 {¶ 8} In this case, the State did not request appellant submit additional parts of the transcript.
 {¶ 9} Accordingly, absent a complete transcript we are unable to review the facts underlying appellant's stop and arrest in context. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case.Akro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221, 226,685 N.E.2d 246, 249. In Knapp v. Edwards Laboratories (1980),61 Ohio St2d 197, 199, the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 10} The following facts are established by the record transmitted to this court.
 {¶ 11} On March 26, 2006 appellant was charged with one count of a per se violation of R.C. 4511.19(A) (1) (D) [Operating a Vehicle While under the Influence of *Page 5 
Alcohol or Drugs, a.k.a. OVI]; one count of OVI in violation of R.C.4511.19(A) (1) (a), and one count of Failure to Control in violation of Delaware Municipal Code 33.34(b).
 {¶ 12} On April 18, 2006, appellant filed a Motion to Suppress the results of a BAC Datamaster test. The motion was heard by the trial court on July 21, 2006. The trial court overruled the motion by Judgment Entry filed July 21, 2006.
 {¶ 13} On August 22, 2006, appellant filed a written waiver of trial by jury. A bench trial was held on August 22, 2006. By Judgment Entry filed August 22, 2006, the trial court found appellant guilty of the per se violation, R.C. 4511.19(A) (1) (d), and not guilty of the remaining charges.
 {¶ 14} Appellant raises the following Assignment of Error:
 {¶ 15} "I. THE TRIAL COURT ERRORED [SIC] TO THE PREJUDICE OF THE DEFENDANT WHEN IT ADMITTED INTO EVIDENCE A BREATH TEST. THE PROSECUTION HAD FAILED TO PROVE SUBSTANTIAL COMPLIANCE WITH THE OHIO DEPARTMENT OF HEALTH RULES AND REGULATIONS GOVERNING WEEKLY INSTRUMENT CHECKS OF THE MACHINE, [SIC] WHICH PRODUCED THE DEFENDANT'S TEST RESULT."
 I. {¶ 16} Under this sole assignment of error, appellant argues that, pursuant to Ohio Adm. Code 3701-53-04(A) and 3701-53-07, a senior operator must perform an instrument check on the breathalyzer equipment no less frequently than once every seven days. Appellant contends that the state presented no evidence showing compliance with this regulation. Specifically, appellant argues that the breathalyzer equipment was not checked by a senior operator. In response, the state argues that the *Page 6 
evidence showing compliance was contained within the exhibits admitted into evidence at the hearing on appellant's motion to suppress.
 {¶ 17} In the case at bar, appellant's test was performed by Officer Nelson on March 26, 2006. Appellant does not challenge Officer Nelson's qualifications to perform the test. Rather, appellant argues that the pre and post testing instrument checks performed by Sergeant Hike are not in compliance with the regulations because the State failed to prove Sergeant Hike had a valid senior operator permit on the dates of the pre and post calibration tests. We disagree.
 {¶ 18} Ohio Adm. Code 3701-53-04(A) provides:
 {¶ 19} "A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed any time up to one hundred and ninety hours after the last instrument check."
 {¶ 20} In State v. Ward (1984), 15 Ohio St.3d 355, 474 N.E.2d 300, the Ohio Supreme Court held that"[c]ertified copies of police logs showing the calibration of breath analysis equipment are admissible against the defendant in a prosecution for a violation of R.C. 4511.19, despite the absence of the calibration officer." Id. at syllabus.
 {¶ 21} In the case at bar, the state introduced evidence in the form of the two instrument check forms completed prior to and after appellant's test. These forms were both signed by Sergeant Hike as a senior operator. Sergeant Hike's senior operator's permit number was provided as well as the permit's expiration date. The expiration date *Page 7 
on those two forms indicates Sergeant Hike had a valid senior operator's permit through April 13, 2006. The permit number of both the pre and post calibration checklists correlates to his most recent Senior Operator's Permit certificate which was also admitted into evidence. That permit was issued April 13, 2006 with an expiration date of April 13, 2007.
 {¶ 22} In Mason v. Armour (Mar. 13, 1999), Warren App. No. 98-03-033, the Twelfth District Court of Appeals held that "the key question in such cases is whether [the officer] had the status of senior operator on that date, not whether the state admitted the operator's license." (Citation omitted.) In Armour, the record contained a "verification" of the contested senior operator's status, including his permit number and its expiration date. The Court found that the record therefore contained evidence of the officer's status as a senior operator, even though it did not contain an actual copy of his permit.
 {¶ 23} In State v. Adams (Oct. 17, 1995), Pickaway Co. No. 94CA21, the Fourth District Court of Appeals held that "foundational evidence" establishing senior operator status can be provided by the BAC Datamaster Test Report Forms which are signed by the officers underneath the legend "senior operator signature." See, also, State v. Young
(1993), 88 Ohio App.3d 486, 491, 624 N.E.2d 314 (testing officer's signature on the "operator's" signature line [together with permit number and permit expiration date] was a sufficient "minimum foundation" for introducing test results). State v. Morton (May 10, 1999), 12th Dist. No. CA98-10-131. *Page 8 
 {¶ 24} We find that the record contains evidence of Sergeant Hike's status as senior operator on the date in question even though it does not contain the actual copy of his permit in effect on that date.
 {¶ 25} Accordingly, because the state has put forth evidence that the breathalyzer equipment was checked and calibrated in accordance with state regulations, the trial court did not err in overruling appellant's motion to suppress.
 {¶ 26} Appellant's sole assignment of error is overruled.
 {¶ 27} The judgment of the Delaware County Municipal Court is affirmed.
 Hoffman, J., and Edwards, J., concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Municipal Court is affirmed. Costs to appellant. *Page 1