[Cite as *In re D.M.*, 2017-Ohio-2710.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

IN THE MATTER OF D.M.

)
)
)
)     CASE NO. 16 MA 0166
)
)     OPINION
)     AND
)     JUDGMENT ENTRY
)

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Motion to Dismiss |
| JUDGMENT: | Dismissed |
| APPEARANCES: | |
| For Appellant | Charlyn Bohland<br>Assistant State Public Defender<br>250 East Broad Street, Suite 1400<br>Columbus, Ohio 43215 |
| For Appellee | Paul Gains<br>Prosecutor<br>Ralph M. Rivera<br>Assistant Prosecutor<br>21 W. Boardman St., 6th Floor<br>Youngstown, Ohio 44503-1426 |

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: May 2, 2017

PER CURIAM.

{¶1} Appellant D.M. appeals a judgment entry of the Mahoning County Common Pleas Court, Juvenile Division, transferring the case back to the General Division pursuant to R.C. 2151.121(B)(3)(b). Following a reverse bindover, the juvenile court conducted an amenability hearing and, upon determining that Appellant was not amenable to juvenile rehabilitation, sent the case back to the General Division for imposition of the adult sentence. The state has filed a motion to dismiss arguing that the entry appealed from is not a final appealable order. Appellant has filed a response in opposition. We conclude that the entry does not constitute a final appealable order.

{¶2} In 2013, a three-count delinquency complaint was filed against 16-year-old Appellant in juvenile court. Two counts were for offenses that if he were an adult would have constituted aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies. One count was for an offense that if he were an adult would have constituted aggravated burglary in violation of R.C. 2911.11, a first-degree felony. All three counts contained firearm specifications.

{¶3} The juvenile court appointed counsel and Appellant entered pleas of denial to the complaint. Subsequently, Appellant waived the right to a probable cause hearing and stipulated to probable cause. Pursuant to the mandatory transfer statute, the juvenile court transferred Appellant's case to the adult court.

{¶4} Once in adult court, Appellant reached a plea agreement with the state. Appellant agreed to plead guilty to one count each of aggravated robbery and aggravated burglary. In exchange, the state agreed to dismiss all other charges since they would have merged with the aggravated robbery and aggravated burglary offenses to which Appellant was pleading guilty. The state also agreed to recommend consecutive terms of four years in prison for each of the offenses for an aggregate term of eight years, and that it would not oppose an application for judicial release when Appellant becomes eligible in four and half years. Also, the state dismissed the firearm specifications because the instrument Appellant used in the commission of the offenses turned out to be a starter pistol which was incapable of shooting a projectile.

**{¶5}** In 2014, the adult court sentenced Appellant in accordance with the state's recommendation and he appealed. Because the offenses to which Appellant pleaded guilty would not have required a mandatory transfer of the case from the juvenile division to the general division, this court found that the reverse bindover procedure set forth in R.C. 2152.121(B)(3) was activated requiring transfer of the case back to the juvenile court.

**{¶6}** Upon remand to the juvenile court, the state objected to the imposition of a Serious Youthful Offender dispositional sentence pursuant to R.C. 2152.121(B)(3)(b) and the court conducted an amenability hearing. Following the hearing, the juvenile court determined that Appellant was not amenable to rehabilitation within the juvenile justice system. Subsequently, in a judgment entry filed September 29, 2016 which is the subject of this appeal, the juvenile court ordered the case returned to the general division for imposition of the adult sentence.

**{¶7}** The general division conducted a resentencing hearing on November 3, 2016, pursuant to R.C. 2929.19 and R.C. 2152.121(B)(3) and imposed the previously agreed upon 8-year prison term. The judgment entry of sentence was filed November 21, 2016, and no appeal was filed from that entry.

**{¶8}** Turning to a review of the juvenile court's order appealed in this case, Ohio Supreme Court precedent is clear: "[a]n order by a Juvenile Court, pursuant R.C. 2151.26 [now R.C. 2152.12], transferring a child to the Court of Common Pleas for criminal prosecution, is not a final appealable order." *In re Becker,* 39 Ohio St.2d 84, 314 N.E.2d 158 (1974), syllabus. Ohio appellate courts have adhered to *Becker.* *See, e.g., In re J.L.,* 11th Dist. No. 2015-T-0137, 2016-Ohio-644, 2016 WL 697800, ¶ 6-7; *In re D.H.*, 2d Dist. No. 27074, 2016-Ohio-5265; *State v. McKinney,* 2015-Ohio-4398, 46 N.E.3d 179, ¶ 8 (1st Dist.).

**{¶9}** Appellant argues this case is distinguishable from *Becker* and other appellate court decisions applying *Becker* simply because a conviction has already occurred in this case. However, Appellant does not explain how the procedural posture of this case (i.e., discretionary transfer after a reverse bindover) takes it outside the purview of the Ohio Supreme Court's decision in *Becker.* Nor does

Appellant cite any caselaw that would support even an inference to that effect.

{¶10} Moreover, Appellant's argument overlooks the interlocutory nature of this appeal. Although Appellant was convicted in adult court, the sentence was automatically stayed by operation of law pursuant to R.C. 2152.121(B)(3). A judgment of conviction is not a final appealable order until a sentence is imposed. *State v. Chamberlain*, 177 Ohio St. 104, 106-107, 202 N.E.2d 695 (1964); *State v. Pasqualone*, 140 Ohio App.3d 650, 655, 748 N.E.2d 1153 (11th Dist.2000); *State v. George*, 98 Ohio App.3d 371, 374, 648 N.E.2d 597 (12th Dist.1994). The adult sentence cannot be imposed by the adult court until the juvenile court transfers jurisdiction of the case back to adult court. In this instance, Appellant's conviction and sentence became a final appealable order when the adult court, pursuant to R.C. 2919.121(B)(3), reinvoked the previously stayed sentence on November 21, 2016, from which no appeal was taken.

{¶11} Accordingly, Appellant's appeal of the juvenile court's order transferring the case back to the adult court is dismissed. Appellant's pending motion to strike the use of Appellant's full name rather than his initials in Appellee's motion to dismiss is overruled as moot. Costs taxed against Appellant.

{¶12} Final order. Clerk to serve notice as provided by Civil Rules.

_____
Judge Gene Donofrio


_____
Judge Cheryl L. Waite


_____
Judge Carol Ann Robb