[Cite as *In re J.L.*, 2016-Ohio-644.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF:<br>J.L. | : | MEMORANDUM OPINION |
| | : | |
| | | CASE NO. 2015-T-0137 |
| | : | |
| | : | |

Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2015 JD 177.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Timothy Young,* Ohio Public Defender, and *Charlyn Bohland,* Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43212-9308 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Appellant, J.L., by and through counsel, filed a notice of appeal on December 23, 2015, from a judgment entry issued by the Trumbull County Court of Common Pleas, Juvenile Division, on November 23, 2015.

{¶2} This case stems from the complaint filed by appellee, the state of Ohio, against the juvenile-appellant on the charges of aggravated murder, aggravated burglary, aggravated robbery and attempted rape in juvenile court.

{¶3} In the appealed judgment, the court indicated that all the relevant factors were considered in favor of and against a jurisdictional transfer under R.C. 2152.12(D) and (E). The court found in favor of a transfer and granted the state of Ohio's motion for a discretionary transfer of jurisdiction of the case from the juvenile court to the General Division of the Trumbull County Court of Common Pleas for criminal prosecution.

{¶4} On January 5, 2016, appellee filed a motion to dismiss this appeal indicating that "Ohio law is crystal clear; a juvenile judge's discretionary bind over of a minor to the adult court is not a final appealable order."

{¶5} On January 13, 2016, appellant filed a memorandum in opposition to the motion to dismiss which asserts that the appeal is final under R.C. 2505.02(B)(4)(a)-(b).

{¶6} In its motion to dismiss, appellee sites *In re Becker*, 39 Ohio St.2d 84 (1974), which holds that "[a]n order by a Juvenile Court, pursuant R.C. 2151.26 [now R.C. 2152.12], transferring a child to the Court of Common Pleas for criminal prosecution, is not a final appealable order." *Id.* at syllabus.

{¶7} In accordance with the foregoing decision of the Supreme Court of Ohio, appellee is correct, and the November 23, 2015 order is not a final appealable order for this court's review. *See also, State v. Moorer,* 11th Dist. Geauga Nos. 2001-G-2353 and 2001-G-2354, 2003-Ohio-5698, ¶15. This appeal is premature. Appellant will have the opportunity to appeal the bind over ruling after the court of common pleas issues a final appealable order, i.e., a conviction and sentence. *Id.* at ¶15.

{¶8} Accordingly, appellee's motion to dismiss the appeal for lack of a final appealable order is granted, and the appeal is dismissed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

2

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶9}    The majority is dismissing this appeal for lack of a final appealable order. For the reasons that follow, I disagree.

{¶10}   This case involves the juvenile court's order transferring J.L.'s case from the juvenile court to the general division for criminal prosecution.  The majority holds that J.L. cannot appeal this bind over ruling until a conviction and sentence are issued.

{¶11}   In support, the majority relies on *In re Becker*, 39 Ohio St.2d 84 (1974) for the proposition that "[a]n order by a Juvenile Court, pursuant to R.C. 2151.26 [now R.C. 2152.12], transferring a child to the Court of Common Pleas for criminal prosecution, is not a final appealable order." *Id.* at syllabus.

{¶12}   Historically, Ohio courts, including this one, have properly followed *In re Becker* in dealing with final appealable orders regarding juvenile transfers.  *See, e.g., State v. Coyne*, 11th Dist. Lake No. 93-L-068, 1994 Ohio App. LEXIS 1499 (Apr. 8, 1994); *State v. Whisenant*, 127 Ohio App.3d 75 (1998).  However, Ohio courts, including this one, have failed to look into this issue any further, following the enactment of R.C. 2505.02 in 1998, as to whether a juvenile bind over meets the criteria for a final appealable order under the statute.  *See, e.g., State v. Moorer*, 11th Dist. Geauga Nos. 2001-G-2353 and 2001-G-2354, 2003-Ohio-5698 (decided five years after the enactment of R.C. 2505.02).

3

**{¶13}** In this humble writer's opinion, this matter needs to be addressed and dealt with. I agree with the well-reasoned position of the public defender, as outlined in her memorandum in opposition to the state's motion to dismiss, that a juvenile court's discretionary transfer order is final and appealable under R.C. 2505.02 as it meets all of the criteria for a final order. R.C. 2505.02(B)(4)(a)-(b).

**{¶14}** As this case involves a juvenile, waiting until a conviction and sentence are issued by the general division before being able to appeal amounts to the possibility of a lost opportunity and irreparable harm to the child. In dealing with children, the goal should not be about punishing the juvenile but rather it should be about the potential for rehabilitation. *In re C.P.*, 131 Ohio St.3d 513, 534, 2012-Ohio-1446, citing *In re Caldwell*, 76 Ohio St.3d 156, 157 (1996) ("'Punishment is not the goal of the juvenile system, except as necessary to direct the child toward the goal of rehabilitation.'")

**{¶15}** Unlike the instant case, this writer points out that *In re Becker* was decided under R.C. 2501.02 which provided that final orders of a court included the "*finding, order* or *judgment* of a Juvenile Court that a child is *delinquent, neglected*, or *dependent*[.]" (Emphasis sic.) *In re Becker, supra,* at 85. This writer also notes that *In re Becker* was decided over 40 years ago in 1974. Since then, as stated, the legislature enacted R.C. 2505.02 in 1998 which governs final appealable orders. R.C. 2505.02 provides that there are additional instances in which an order is final and appealable. Specifically, the statute provides for an appeal of four types of orders, including the following:

**{¶16}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

4

**{¶17}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶18}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."  R.C. 2505.02(B)(4)(a)-(b).

**{¶19}** This writer believes the discretionary transfer determination order from the juvenile court meets the requirements of R.C. 2505.02(B)(4)(a)-(b).  First, the discretionary transfer order is a "provisional remedy," i.e., "a proceeding ancillary to an action[.]"  R.C. 2505.02(A)(3).  A bind over determination is secondary to the determination of guilt.  However, the order determines which court will have jurisdiction over the case and whether or not the minor will be treated as such.

**{¶20}** Second, although the general division will determine guilt and any ensuing sentence, it will not make any further determination regarding the child's amenability and which court has jurisdiction over the matter.  Counsel for J.L. correctly points out that the juvenile court's order transferring the child to the general division for prosecution precludes a judgment in the child's favor about his amenability and keeping his case in the juvenile court system.

**{¶21}** Third, J.L. has no meaningful or effective remedy after the final judgment is issued in the general division.  Although J.L. can appeal the general division's final judgment, waiting until this late stage to address any errors regarding the amenability proceedings does not afford any child a meaningful or effective remedy.  Clearly, waiting until after a conviction and sentence greatly reduces J.L.'s opportunity to be rehabilitated in the juvenile system, thereby possibly leading to irreparable harm to the

5

child.  Again, the goal should not be about punishing the juvenile but rather it should be about the potential for rehabilitation.  I believe in best practices and that it is much more efficient for this court to review any claimed errors made by the juvenile court before any conviction and sentence in the general division.

{¶22}  Accordingly, because I believe the juvenile court's discretionary transfer order is final and appealable under R.C. 2505.02(B)(4)(a)-(b), I respectfully dissent.